IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>Plaintiff,<br>v.<br><br>ADVANCED VISION RESEARCH, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant ADVANCED VISION RESEARCH, INC. ("Defendant") as follows:

## I.
## NATURE OF THE CASE

1.  This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.  As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its TheraTears® branded products with United States Patent Number 4,775,531 ("the '531 Patent"), United States Patent Number 4,911,933 ("the '933 Patent") (collectively "the Expired Patents"), even though the '531 Patent is expired, and has been expired since October 6, 2006 and the '933 Patent is expired and has been expired since August 16, 2008. On information and belief, Defendant marks certain of its TheraTears® branded products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3.  Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant ADVANCED VISION RESEARCH, INC. is a Corporation established under the laws of the State of Massachusetts with its principal place of business at 660 Main Street, Woburn, Massachusetts 01801.

6. Upon information and belief, Defendant is the maker of TheraTears® products and a leading researcher and manufacturer of eye treatment products. In particular, Defendant currently sells, for example, but not limited to: (1) TheraTears® Liquid Gel; and (2) TheraTears® Lubricant Eye Drops.

7. Defendant markets TheraTears® Liquid Gel as "ideal for patients who need soothing longer-lasting protection during the day [...] And unlike other gels, TheraTears is preservative free so there is no preservative-induced irritation." (See product packaging).

8. Defendant markets TheraTears® Lubricant Eye Drops as "provid[ing] a special, highly lubricating form of carboxymethylcellulose, to maximize the instant relief from the dryness, stinging and burning, and sandy-gritty irritation of dry eye. So by rehydrating, protecting and lubricating the eye, TheraTears provides soothing, long-lasting and cumulative dry-eye relief that really works!" (See http://www.theratears.com/how.aspx, last viewed Feb 25, 2010 and product packaging).

9. Upon information and belief, Defendant is a sophisticated company and has decades of experience applying for and obtaining patents.

10. As a sophisticated company, upon information and belief, that has previously prosecuted or overseen patent prosecution, Defendant (by itself or by its representatives) knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

2

## III.
## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

13. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENTS

14. The '531 Patent, entitled "Non-toxic Opthalmic Preparations," was filed on October 6, 1986, issued on October 4, 1988 and expired on October 6, 2006. A true and correct copy of the '531 Patent is attached hereto as Exhibit A.

15. Upon information and belief, TheraTears® Lubricant Eye Drops is comprised of Sodium Carboxymethylcellulose 0.25%, thereby forming an eye lubricant and TheraTears® Liquid Gels is comprised of Sodium Carboxymethylcellulose 1% thereby forming an eye lubricant.

16. Upon information and belief, the '531 Patent discloses an ophthalmic preparation and a method for preparing the ophthalmic preparation. Claim 1 of the '531 Patent states in relevant parts as follows:

> "1. A synthetic non-toxic ophthalmic preparation for topical administration to the ocular surface of humans and animals comprising potassium, chloride, bicarbonate, and sodium, and characterized in that (a) said potassium is present in a concentration of between 22.0 and 43.0 millimoles per liter, (b) said

*bicarbonate is present in a concentration of between about 29.0 to 50.0 millimoles per liter, (c) said sodium is present in a concentration of between about 130.0 to 140.0 millimoles per liter, and (d) said chloride is present in a concentration of between about 118.0 to 136.5 millimoles per liter, and (e) said concentrations of potassium, bicarbonate, sodium and chloride being further selected to provide said preparation with an osmolality of substantially between 296 and 325 mOsm/Kg, or therapeutically effective dilutions thereof."* (Col. 7, Lns. 35-52)

17. The '933 Patent, entitled "Non-toxic Opthalmic Preparations," was filed on August 16, 1988, issued on March 27, 1990 and expired on August 16, 2008. A true and correct copy of the '933 Patent is attached hereto as Exhibit B.

18. Upon information and belief, TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel are directed towards providing a user with a means of soothing dry eyes via an eye lubricant.

19. Upon information and belief, the '933 Patent discloses an ophthalmic preparation and a method for preparing the ophthalmic preparation. Claim 1 of the '933 Patent states in relevant parts as follows:

> *"1. The method of wetting contact lenses before insertion into the eye which reduces or eliminates damage to the eye caused by the wetting solution comprising the step of applying to said contact lens a non-irritating solution, or a therapeutically effective dilution of said solution, before insertion, wherein said non-irritating solution contains potassium, chloride, bicarbonate, and sodium as essential ingredients and is characterized in that: (a) said potassium concentration is about 22.0 to 43.0 mM/l, (b) said bicarbonate concentration is about 29.0 to 50.0 mM/l, (c) said sodium concentration is about 130.0 to 140.0 mM/l, and (d) said chloride concentration is about 118.0 to 136.5 mM/l, whereby said solution has an osmolality of about 296-325 mOsm/Kg."* (Col. 7, Lns. 31-50)

## V.
## COUNT I

20. Plaintiff incorporates paragraphs 1-19 as if fully set forth herein.

21. Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets,

4

or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its TheraTears® branded lubricants for treating dry eyes.

22. The '531 Patent expired on October 6, 2006.

23. The '933 Patent expired on August 16, 2008.

24. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patents: TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel.

25. TheraTears® Lubricant Eye Drops is currently sold in packaging marked as shown below (continued on next page):






26.     TheraTears® Liquid Gel is currently sold in packaging marked as shown below:




27.     The instances of false marking shown in paragraphs 25-26 above are representative and not exhaustive.

6

28. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

29. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for and obtaining patents.

30. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

31. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel have expired and/or do not cover the products to which the marking is affixed.

32. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel are not covered by the Expired Patents marked on such products because an expired patent has no prospective patent rights.

33. As a sophisticated company with, upon information and belief, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

34. The false patent marking for the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel is found on the product packaging. (see paragraphs 25-26 above)

35. Upon information and belief, Defendant intentionally included the Expired Patents in the patent markings of the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel, in an attempt to prevent competitors from making and selling the same or similar eye lubricant products.

36. Upon information and belief, Defendant marks the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel with the Expired Patents for the purpose of deceiving the public into believing that something contained in or embodied in the falsely marked products is covered by or protected by the Expired Patents.

37. Each false marking on the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

38. Defendant has wrongfully and illegally advertised a patent right which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

39. Upon information and belief, Defendant knows, or reasonably should know, that marking the TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

40. Upon information and belief, Defendant's marking of its TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel with the Expired Patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

41. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the

herein described TheraTears® Lubricant Eye Drops and TheraTears® Liquid Gel in the market place.

42. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

43. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VII.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 25, 2010                    Respectfully submitted,

                                            _____

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com